**UNITED STATES, Appellee,**

v.

**Kevin M. TIPPY, Airman, U.S. Air Force, Appellant.**

No. 54,543.
ACM 24979.

U.S. Court of Military Appeals.

Sept. 28, 1987.

For Appellant: *Major Charles E. Ambrose, Jr.* (argued); *Colonel Leo L. Sergi* (on brief).

For Appellee: *Major David F. Barton* (argued); *Lieutenant Colonel Robert E. Giovagnoni* (on brief); *Colonel Kenneth R. Rengert* and *Colonel Joe R. Lamport.*

*Opinion of the Court*

COX, Judge:

The Court of Military Review affirmed the conviction of appellant for two specifications of distributing drugs, one specification of larceny of drugs from the base pharmacy, and one specification of sale of the stolen drugs.[1] All of the transactions involved appellant, a 21–year-old airman who was a Pharmacy Specialist at the USAF Hospital, Davis-Monthan Air Force Base, Arizona, and a senior "airwoman" who was working as an "informant" for the local Office of Special Investigations (OSI).[2]

I

WHETHER THE MILITARY JUDGE ERRED BY PRECLUDING THE DEFENSE FROM IMPEACHING A GOVERNMENT WITNESS WITH EVIDENCE OF HER BIAS AND MOTIVE TO FABRICATE AND ENTRAP APPELLANT.

II

WHETHER THE FAILURE OF GOVERNMENT AGENTS TO DISCLOSE TO THE DE-

---

1. Violations of Articles 112a, 121, and 108, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 921, and 908, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 6 months, forfeiture of $400 pay per month for 6 months, and reduction to pay grade E–1. The convening authority approved these results.

2. This Court granted review of the following issues:

The story is as old as Adam and Eve. If appellant is to be believed, the woman—acknowledged to be older and wiser, and attractive—persisted in asking appellant to obtain the forbidden fruit—marijuana—making approximately 45 telephone calls, leaving notes on his door, pretending to be romantically smitten with him and more. As appellant judicially confessed, he yielded to temptation and obtained the drugs for "Eve."

Unbeknownst to appellant, however, "Eve" was possessed with a burning desire to be an OSI agent. So intense was this flame that an OSI investigation into her conduct as an informant concluded that she and her OSI "handler" were engaging in a sexual relationship at the same time she was pursuing and convincing appellant to take a bite of the "forbidden fruit" and that she even had agreed to commit perjury on the witness stand. Other agents stated that she was "manipulative," "would do whatever is necessary for personal gain," and would engage in sexual relationships with OSI agents to accomplish the same.

Unfortunately, although appellant had information that "Eve" was dating one or more OSI agents, the full extent of her involvement was not known to the defense.

■ In any event, the military judge refused to permit inquiry by cross-examination of "Eve" or otherwise into her past misconduct or her personal relationships with the OSI. Furthermore, in light of her commitment to perjure herself regarding her relationship to the OSI, it is unlikely that cross-examination would have been very meaningful.

The Court of Military Review concluded, and we agree, that the military judge erred because the information regarding the informant and her relationships was relevant under Mil.R.Evid. 608(c), Manual for Courts-Martial, United States, 1984:

> *Evidence of bias.* Bias, prejudice, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by evidence otherwise adduced.

■ The Court of Military Review nevertheless found that denial of admission of the evidence was harmless. Art. 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a).

We respectfully disagree. Maybe the extracurricular activities of this "undercover" agent did or did not entrap appellant, but we will not be satisfied unless impartial triers of fact, imbued with the full knowledge of this OSI conduct, tested by the crucible of cross-examination and confrontation, properly instructed in the laws of entrapment, and applying their good judgment, common sense, understanding of life and the ways of young men and manipulative agents, conclude beyond a reasonable doubt that he is guilty. Even then, appellant should enjoy the benefit of having his sentence adjudged in light of the onslaught against his sensibilities.

The decision of the United States Air Force Court of Military Review is reversed. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered. Art. 67(f), UCMJ, 10 U.S.C. § 867(f).

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in part and dissenting in part):

I dissent only as to the remedy.

I would order a rehearing under 10 U.S.C. § 867(e). *See United States v. Scott*, 24 M.J. 186, 194 (C.M.A.1987).

FENSE RELEVANT, MATERIAL, AND EXCULPATORY EVIDENCE, BOTH BEFORE AND DURING TRIAL, WAS A BREACH OF THE GOVERNMENT'S DISCOVERY OBLIGATIONS, AND HAD THE EFFECT OF DENYING APPELLANT A FAIR TRIAL.