UNITED STATES, Appellee

v.

James E. GRAY, Staff Sergeant,
U.S. Army, Appellant.

No. 93–0148.
CMR No. 9003345.

U.S. Court of Military Appeals.

Argued Dec. 15, 1993.

Decided Aug. 17, 1994.

HOME, AND IN REFUSING TO ALLOW INQUIRY INTO SERGEANT [M]'s OBSERVATION OF [K] ENGAGING IN ORAL SEX WITH ANOTHER FEMALE, THEREBY DEPRIVING APPELLANT OF HIS FUNDAMENTAL RIGHT OF CONFRONTATION AND CROSS–EXAMINATION.

For Appellant: *Captain Silas R. DeRoma* (argued); *Colonel Malcolm H. Squires, Jr., Captain Robin N. Swope, Captain Paul H. Turney* (on brief); *Colonel Stephen D. Smith, Captain Robert Lane Carey, Captain Michael A. Egan.*

For Appellee: *Captain Jane E. Polcen* (argued); *Colonel Dayton M. Cramer, Major James L. Pohl, Major Kenneth T. Grant* (on brief).

## Opinion of the Court

GIERKE, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of committing sodomy and adultery with the wife of a subordinate, Sergeant M, and committing indecent acts with Sergeant M's 9–year–old daughter, K, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. Appellant's approved sentence provides for a dishonorable discharge as well as confinement and partial forfeitures for 5 years. Appellant was found not guilty of committing indecent acts with the 13–year–old daughter of a neighbor.

The Court of Military Review affirmed the findings and sentence with minor modifications in an unpublished opinion. We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY REFUSING TO ALLOW APPELLANT TO INQUIRE INTO THE INVESTIGATION OF SERGEANT [M] AND HIS FAMILY CONCERNING ALLEGATIONS OF SPOUSE AND CHILD ABUSE, REFUSING TO PERMIT APPELLANT TO EXPLAIN WHY HE WAS VISITING SERGEANT [M]'s

## Factual Background

Sergeant M's wife testified that, during October and November of 1989, appellant came to her house while her husband was on duty, and they engaged in oral sex "about three" times and sexual intercourse once. Mrs. M testified that she had sex with appellant because she wanted her husband to be promoted and appellant said he could accomplish his promotion. She also testified that she enjoyed her sexual encounters with appellant.

A neighbor testified that he saw appellant's car in Sergeant M's driveway "on numerous occasions" while Sergeant M was on duty. He admitted on cross-examination that he was "good friends" with Sergeant M and his family but "not very good friends" with appellant.

K testified that appellant licked her vagina on one occasion near Christmas of 1989, while she and her younger sister were visiting appellant's home. She was 9–years old at the time. On cross-examination she admitted falsely accusing appellant of rape in August 1989. She testified that she and a friend made the accusation as a joke.

Sergeant M testified that appellant became his squad leader in March 1989. He testified that in January of 1990 he told appellant that K had contracted gonorrhea. He said that appellant looked shocked and suggested that K may have contracted the disease by playing with appellant's wife's underwear. Shortly afterward he retracted that suggestion.

On cross-examination, defense counsel asked Sergeant M if it was true that appellant began coming to his home because Mrs. M called appellant and accused Sergeant M

of abusing her and hurting her. Sergeant M answered in the affirmative. The military judge sustained a prosecution objection to the question and answer.

In December, 1989, the Texas Department of Human Services (DHS) initiated an investigation upon receiving a report that K had contracted gonorrhea. Sergeant M did not accuse appellant of misconduct with K until February 28, 1990.

Pursuant to a prosecution motion *in limine*, the military judge prohibited defense counsel from introducing evidence that on two occasions the Texas Department of Human Services received and investigated complaints that Sergeant M physically abused his wife and that both of them abused their children. The defense offered this evidence to show that K may have been coerced to accuse appellant, and further to show bias on the part of Sergeant and Mrs. M, who may have accused appellant in order to shift the attention of DHS from their own troubled family to appellant. Appellant asserts that Sergeant M was the initial target of the DHS investigation of the cause of K's gonorrhea. Final Brief at 12.

Sergeant and Mrs. M tested negative for gonorrhea in January 1990. Appellant had tested positive for gonorrhea in August 1989. Appellant's wife testified that she and appellant had a normal sexual relationship but that she had never contracted gonorrhea.

Sergeant and Mrs. M both testified that, in late November or early December 1989, appellant asked them for penicillin to treat a cold. Sergeant M testified that his wife admitted her sexual relationship with appellant after Sergeant M was informed of it by his first sergeant. He testified that, after K admitted her false rape accusation against appellant in August 1989, he "made her apologize" to appellant for falsely accusing him.

Pursuant to the prosecution's motion *in limine*, the military judge prohibited the defense from eliciting testimony from Sergeant M that he had observed K and a 12–year–old neighbor girl naked together on a bed, apparently engaging in oral sex. Sergeant M also would have testified that K had twice "walked in on us accidentally" while Sergeant and Mrs. M were "having sex." The defense offered this evidence to show that K was sexually knowledgeable beyond her years and was sexually active, thereby making appellant's claim at trial that K fondled and kissed him more believable.

Special Agent Cugler, an agent of the Criminal Investigation Command at Fort Hood, testified that he interviewed appellant on March 23, 1990, on suspicion of "sodomy, indecent acts, and indecent assault on a child." Appellant waived his rights and provided a written statement. In his written statement appellant said that, sometime prior to December 24, 1989, he was sleeping on the sofa and was awakened by someone kissing him and fondling his penis. He awakened and saw that it was K, at which time he pushed her away and said, "What the f___ do you think you are doing?" He denied taking sexual liberties with K.

According to appellant's written statement, SA Cugler asked appellant, "Do you know how [K] contacted [sic] gonorrhea?" Appellant responded simply, "No, I don't." Appellant was then asked if he had ever contracted gonorrhea, and appellant responded that he had in August or September of 1989. Appellant stated that he did not have gonorrhea in December 1989 and had not taken any medication for gonorrhea since October 1989.

Although appellant's written statement does not mention Mrs. M, SA Cugler testified that when he asked appellant how K might have contracted gonorrhea, appellant said that she might have contracted it by "kissing him and playing with his penis." SA Cugler said he told him that he did not think that gonorrhea could be transmitted by kissing and fondling. Appellant then said, "Well, she could have possibly gotten it from her mother." When SA Cugler asked him to explain his comment, appellant said that he was having some kind of sexual affair with Mrs. M. SA Cugler testified that at that point he stopped the interview. SA Cugler was not asked and did not explain why appellant's mention of a sexual affair with Mrs. M was omitted from appellant's written statement.

Appellant testified in his own defense. He admitted visiting Mrs. M on two occasions when Sergeant M was not there but denied having sexual intercourse or committing sodomy with Mrs. M. The military judge prohibited appellant from testifying that Mrs. M had invited him to her home for help in dealing with her abusive husband. Appellant testified that he was not sexually attracted to Mrs. M but that she made "sexual advances" toward him. He testified that SA Cugler misinterpreted his purported admission to a sexual relationship with Mrs. M. Appellant explained that he answered SA Cugler's question with a hypothetical, "How could I have done something with her daughter and her mother, and only one of them get a disease?" Appellant testified that SA Cugler misinterpreted his hypothetical question as an admission.

With respect to the alleged incident with K, appellant testified consistently with the written statement obtained by SA Cugler, contending that she fondled and kissed him. He denied offering Sergeant M an explanation for K's gonorrhea and denied asking Sergeant M for penicillin. Appellant concluded his testimony by asserting that both Mrs. M and K were lying and that SA Cugler "misinterpreted" what he said about his relationship with Mrs. M.

Appellant contends that the military judge deprived him of his fundamental right of confrontation and cross-examination. We will address the three offers of proof separately.

■ Turning first to the evidence that appellant visited Sergeant M's wife in response to her requests for help in dealing with an abusive husband, we hold that the military judge abused his discretion by excluding it. The prosecution was permitted to establish, through the testimony of a neighbor, that appellant visited Mrs. M while her husband was on duty, but appellant was not allowed to show an innocent purpose for the visits. The prosecution was allowed to portray appellant as a sexual predator, carrying on an adulterous affair with Mrs. M and molesting her daughter, but the defense was not allowed to portray him as a concerned supervisor.

■ Turning next to the evidence that Sergeant M observed K and a neighbor girl engaged in what appeared to be oral sex, we hold that the military judge also abused his discretion by excluding it. Mil.R. Evid. 412, Manual for Courts–Martial, United States, 1984, precludes admission of evidence of a sexual victim's past sexual behavior unless such evidence is "constitutionally required to be admitted." Mil.R.Evid. 412(b)(1). A child-victim's sexual activity with someone other than an accused may be relevant to show that the alleged victim had knowledge beyond her tender years before the alleged encounter with the accused. *United States v. Hurst*, 29 MJ 477, 481 (CMA 1990). In appellant's case he was confronted with an accusation by a 9–year–old girl who had previously falsely accused him of rape. His explanation—that the girl made advances toward him—would ordinarily be difficult to believe, unless the girl was previously sexually active and knowledgeable beyond her years. Sergeant M's testimony about K's prior experience with oral sex would have made appellant's version of the facts appear more believable. *Cf. United States v. Dorsey*, 16 MJ 1, 7 (CMA 1983) (error to exclude evidence of prior sexual acts of victim with another where "the excluded evidence could have corroborated appellant's testimony"); *United States v. Begay*, 937 F.2d 515, 521 (10th Cir.1991) (error to preclude cross-examination about victim's sexual abuse by person other than defendant on issue whether victim's memory was accurate). By excluding the evidence, the military judge deprived appellant of evidence which could have made his otherwise incredible explanation believable.

■ Turning finally to the evidence that DHS had investigated Sergeant and Mrs. M in response to complaints of wife abuse and child abuse, we hold that the military judge again abused his discretion by excluding this evidence. The evidence was relevant to show bias. Mil.R.Evid. 608(c). *See Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974) ("The partiality of a witness ... is 'always relevant as discrediting the witness and affecting the weight of

his testimony.'"), *quoting* 3A J. Wigmore, *Evidence* § 940 at 775 (Chadbourn rev.1970). Had the evidence been admitted, the defense would have been able to argue that Sergeant M was the initial target of the DHS investigation and that Sergeant and Mrs. M accused appellant in order to shift DHS attention from their own dysfunctional and abusive family situation. The evidence also would have corroborated appellant's claim that he visited Mrs. M's home in response to requests for help.

■ We hold that appellant's rights to cross-examine the witnesses against him and to present his defense were improperly limited. *See United States v. Lonedog*, 929 F.2d 568, 570 (10th Cir.) ("defendant's right to confrontation may be violated if the trial court precludes an entire relevant area of cross-examination"), *cert. denied,* —— U.S. ——, 112 S.Ct. 164, 116 L.Ed.2d 129 (1991). We hold further that the military judge's errors were prejudicial. The trial was a credibility contest between appellant and his alleged victims. We cannot discount the reasonable likelihood that the excluded evidence may have tipped the credibility balance in appellant's favor.

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.