ERDMANN, Judge,
with whom EFFRON, Chief Judge,
joins (concurring in part and dissenting in part):
While I concur with the majority opinion as to the jurisdictional issue raised by the Government, I respectfully dissent from the majority’s conclusion as to the granted issue. In a case where credibility of the complainant was fundamental, the military judge prevented the defense from presenting to the panel an explanation of the circumstances that would have provided a motive for the complainant to make a false allegation of rape.

Background

Cadet Webster Smith was initially charged with twenty-two specifications, the majority of which related to his sexual relationships with female cadets at the United States Coast Guard Academy. Eleven of those charges were dismissed before trial. At a general court-martial composed of members, Smith was found not guilty of six of the remaining charges. Contrary to his pleas, the members found him guilty of absence without leave, attempted failure to obey a lawful order, sodomy, extortion, and indecent assault. The sodomy, extortion, and indecent assault charges arose out of allegations made by SR, a female cadet.
In this appeal, Smith asserts that the military judge erred by preventing him from fully cross-examining SR as to her motive and credibility in violation of his Sixth Amendment right to confrontation and the “constitutionally required” exception to Military Rule of Evidence (M.R.E.) 412. M.R.E. 412(b)(1)(C). At trial the defense filed a motion pursuant to M.R.E. 412 requesting permission to cross-examine SR about her alleged statements to Smith concerning a prior sexual encounter she had with an enlisted servicemember. The factual basis for the motion was summarized by the military judge in his findings of fact:
During the summer training program at the start of their first class year, Cadet Smith and [SR] were both assigned to patrol boats that moored at Station Little Creek. Both lived in barracks rooms at the Station. In May 2005, Cadet Smith approached [SR] to inform her that he was hearing rumors from the enlisted personnel assigned to the Station that she had a sexual encounter with an enlisted member assigned to the Station. [SR] told him that this was true, but that it was not a consensual encounter. Cadet Smith then informed the enlisted personnel who were spreading the rumors that the conduct was not consensual.
On or about 19 October 2005, Cadet Smith again approached [SR]. He told her that he had remained in contact with some of the enlisted personnel assigned to Station Little Creek and that the rumors surrounding her sexual encounter with the enlisted man had continued. This time she told him that the incident with the enlisted man had been a consensual encounter and that the scope of the encounter had been greater than she had previously described.
At the Article 32 hearing, [SR] merely stated that she had confided a secret to Cadet Smith. In her 15 February 2006 statement, she merely stated that a situation occurred which led to rumors. On both occasions, she went on to state that on October 19th, she was concerned enough that Cadet Smith would expose this secret that she agreed to pose for a picture with him in which both of them were nude, and later that night allowed him to perform cunnilingus on her then she performed fellatio on him.
In the defense motion, Smith argued that the evidence was constitutionally required because “[t]he fact that the alleged victim lied to Cadet Smith about her sexual activity and has misled CGIS about that activity tends to show the alleged victim as untruthful about her sexual conduct generally and specifically has motive to lie about the specific sexual rumors underlying the charge — the very issue before the trier of fact.”
The Government opposed the admission of the evidence arguing that the substance of SR’s secret was not relevant, material, or vital to Smith’s defense. In denying the motion the military judge concluded that: *451 while the evidence was relevant, the members did not need to know the specifics, but could be provided with a non-specific summary;[1] although the evidence could show that SR had a propensity to bring false accusations against men with whom she had consensual sexual encounters, the evidence was not strong since the source of the allegation, Smith, was biased; there was a significant difference between SR making a false allegation to Smith and making a false allegation to law enforcement authorities; and the probative value of the evidence was outweighed by the danger of unfair prejudice.
The United States Coast Guard Court of Criminal Appeals affirmed the findings and sentence. United States v. Smith, 66 M.J. 556, 563 (C.G.Ct.Crim.App.2008). We review a military judge’s decision to admit or exclude evidence for an abuse of discretion. United States v. Ayala, 43 M.J. 296, 298 (C.A.A.F.1995). In doing so, we review findings of fact under the clearly erroneous standard and conclusions of law under the de novo standard. Id.

Discussion

The evidence at issue was proffered to attack SR’s credibility by establishing that she had earlier made a false allegation of a nonconsensual sexual encounter to protect her Coast Guard career. Before addressing the M.R.E. 412 issue, it is worth noting that there is some question as to whether M.R.E. 412 even applies to this type of evidence. The Drafters’ Analysis to M.R.E. 412 states “[ejvidence of past false complaints of sexual offenses by an alleged victim of a sexual offense is not within the scope of this Rule and is not objectionable when otherwise admissible.” Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-36 (2008 ed.).[2] However, given the posture of this case on appeal, and assuming that M.R.E. 412 does apply, the evidence is clearly admissible under the M.R.E. 412 analysis.
1. Objections Under M.R.E. j.12
“[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby ‘to expose to the jury the facts from which jurors ... could appropriately draw inferences relating to the reliability of the witness.’ ” Delaware v. Van Arsdall, 475 U.S. 673, 680, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (citing Davis v. Alaska, 415 U.S. 308, 318, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). “[EJxposure of a witness’ motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.” Id. at 678-79, 106 S.Ct. 1431. “The question is whether ‘[a] reasonable jury might have received a significantly different impression of [the witness’s] credibility had [defense counsel] been permitted to pursue his proposed line of cross-examination.’ ” United States v. Collier, 67 M.J. 347, 352 (C.A.A.F.2009) (brackets in original) (quoting Van Arsdall, 475 U.S. at 680, 106 S.Ct. 1431).
“M.R.E. 412 was intended to protect victims of sexual offenses from the degrading and embarrassing disclosure of intimate details of their private lives while preserving the constitutional rights of the accused to present a defense.” United States v. Banker, 60 M.J. 216, 219 (C.A.A.F 2004). There are, however, three exceptions to the exclusionary provisions of M.R.E. 412. Smith relied on the third exception that requires the admission of evidence “the exclusion of which would violate the constitutional rights of the accused.” M.R.E. 412(b)(1)(C). “This exception addresses an accused’s Sixth Amendment right of confrontation and Fifth Amendment right to a fair trial.” Banker, 60 M.J. at 221 (citations omitted) (emphasis added). Banker requires that “where evi- *452 denee is offered pursuant to this exception, it is important for defense counsel to detail an accused’s theory of relevance and constitutional necessity.” 60 M.J. at 221. Smith’s counsel did just that in this case.
2. Relevance and Materiality
In order to properly determine whether evidence is admissible under the constitutionally required exception the military judge must evaluate whether the proffered evidence is relevant, material, and favorable to the defense. Id. at 222. “[T]he relevancy portion of this test is the same as that employed for the other two exceptions of the rule,” which is that “[ejvidence is relevant if it has ‘any tendency to make the existence of any fact ... more probable or less probable than it would be without the evidence.’ M.R.E. 401.” Id. at 222. The proffered evidence could have impacted SR’s credibility by allowing the defense to provide a commonsense explanation for SR to give false testimony. That is, when SR learned of the investigation of Smith for alleged sexual offenses, she became concerned that the investigation would produce allegations that she had engaged in prohibited sexual activity[3] with Smith in their dormitory at the Coast Guard Academy, thereby jeopardizing her own career. Thus, she fabricated the charges against Smith to protect her career, as she had in the past for the same reason. The military judge found that the evidence would be relevant and I agree.
Having found the evidence relevant, the next step for the military judge was to determine whether the evidence was “material and favorable to the accused’s defense, and thus whether it is ‘necessary’.” Id. at 222 (citing United States v. Williams, 37 M.J. 352, 361 (C.M.A.1993)).
In determining whether evidence is material, the military judge looks at “the importance of the issue for which the evidence was offered in relation to the other issues in this case; the extent to which this issue is in dispute; and the nature of the other evidence in the case pertaining to this issue.”
Id. (quoting United States v. Colon-An-gueira, 16 M.J. 20, 26 (C.M.A.1983)).
There can be no dispute that testing the credibility of a witness through cross-examination is crucial to the right of confrontation.
A more particular attack on the witness’ credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is “always relevant as discrediting the witness and affecting the weight of his testimony.” 3A J. Wigmore, Evidence § 940, p. 775 (Chad-bourn rev.1970). We have recognized that the exposure of a witness’ motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.
Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (citation omitted).
As in United States v. Dorsey, 16 M.J. 1, 7 (C.M.A.1983), this was a “he said — she said” case and for the charges at issue in this appeal,[4] the critical question for the members was the credibility of the sole prosecution witness. Evidence of a motive to fabricate and that SR had alleged that an earlier consensual sexual encounter was nonconsensual in an attempt to protect her career bears directly on SR’s credibility as to the allegations she made against Smith. It may have shown that SR had a propensity to lie about consensual sexual encounters when her career was on the line. The materiality of this evidence is not the “lurid nuances of the victim’s sexual past” as noted by the majority, but rather the allegation that SR had previously lied about a sexual encounter under similar circumstances.
*453 3. Balancing
Once the military judge has determined that the proffered evidence is relevant and material, the military judge must undertake the M.R.E. 412 balancing test to determine if the evidence is favorable to the accused’s defense.[5] Banker, 60 M.J. at 222. The term favorable is synonymous with vital. Id. “[W]hen balancing the probative value of the evidence against the danger of unfair prejudice under M.R.E. 412, the military judge must consider ... factors such as confusion of the issues, misleading the members, undue delay, waste of time, needless presentation of cumulative evidence, [and] also prejudice to the victim’s legitimate privacy interests.” Id. at 223. The M.R.E. 412 balancing test weighs in Smith’s favor. Under the circumstances of this case, any risk of confusion of the issues, misleading the members, wasting time, or presenting cumulative evidence was minimal and is outweighed by the high probative value of this evidence.
In Dorsey the court found evidence favorable when it “undermined the credibility of the sole prosecution witness who directly testified to appellant’s guilt of the charged offense.” Dorsey, 16 M.J. at 7. In a similar fashion, admission of a prior false allegation of a nonconsensual sexual encounter could have undermined the credibility of SR, the only witness who testified against Smith on the extortion, sodomy, and indecent assault charges.
While the evidence of SR’s earlier allegation of a false nonconsensual sexual encounter and her subsequent admission that the encounter was consensual would have impacted her privacy interests, withholding this constitutionally required evidence from the panel deprived Smith of his best opportunity to provide a motive for SR’s allegations and to challenge her credibility. The fact that the military judge allowed the panel to hear that SR had a secret that, if revealed could have an adverse impact on her Coast Guard career, including possibly disciplinary action under the UCMJ, was simply not sufficient. With this limited information about SR’s secret, the members were left to speculate whether the secret was a minor disciplinary infraction or a more serious charge, but they had no idea that the proffered evidence directly implicated SR’s motive and credibility.[6]
In Collier this court found the military judge erred in limiting cross-examination of the complaining witness for possible bias. Collier, 67 M.J. at 349. There, the defendant attempted to establish bias by presenting evidence of the existence of a romantic relationship that ended badly between the accused and the complaining witness. Id. at 351. The military judge only allowed cross-examination as to the “breakup of a friendship.” Id. at 351-52. This court found that there was a qualitative difference between the two situations and if the members had been shown evidence of the romantic relationship they might have had a significantly different impression of the accusing witness’ credibility. Id. at 352, 353. Similarly, there is a qualitative difference between an undisclosed situation that “could have had an adverse impact on [SR’s] Coast Guard career” and an allegation that SR had previously made a false allegation of a nonconsensual sexual encounter to protect her career.
*454 While the military judge found that the evidence was not strong because it came from Smith, who had an obvious bias, it is well established that “[t]he weight and credibility of the ... witness are matters for the members alone to decide.” United States v. Moss, 63 M.J. 233, 239 (C.A.A.F.2006) (citing United States v. Bins, 43 M.J. 79, 85 (C.A.A.F.1995)). The court in Banker noted that the role of the military judge is to assure that the evidence meets the usual evidentiary standards. Banker, 60 M.J. at 224 (citing United States v. Platero, 72 F.3d 806, 812 (10th Cir.1995)). The court in Plate-ro went on to say, “when the Judge decides whether or not a defense is true or false and decides that on the basis of the credibility of the witnesses, the Judge is doing what the jury is supposed to do in a serious criminal case covered by the Sixth Amendment.” Platero, 72 F.3d at 812.
Smith had a commonsense explanation for SR’s claim that the sexual activity was non-consensual and the military judge’s ruling prevented the members from considering this theory. The alleged false accusation was close in time to the allegation made against Smith, both allegations involved military members and both situations presented a motive for SR to lie about the consensual nature of her sexual activities to protect her career. Putting aside the fact that M.R.E. 412 may not even apply to this type of evidence, I would conclude that the evidence should have been admitted under M.R.E. 412. I would further find that the error was not harmless beyond a reasonable doubt as it essentially deprived Smith of his best defense and “the excluded evidence may have tipped the credibility balance in [Smith’s] favor.” Moss, 63 M.J. at 239.
I would reverse the decision of the United States Coast Guard Court of Criminal Appeals and set aside the findings and sentence for Additional Charge I, Specification 1 of Additional Charge II, and Additional Charge III, and remand the case for further proceedings, if any.

. The military judge found that "the members could be informed that the secret was information that if revealed could have an adverse impact on [SR's] Coast Guard career, including possibly disciplinary action under the UCMJ.”

. See also Fed.R.Evid. 412 advisory committee's note on proposed 1994 amendment ("Evidence offered to prove allegedly false prior claims by the victim is not barred by Rule 412. However, the evidence is subject to the requirements of Rule 404.”).

. Pursuant to Regulations for the Code of Cadets 4-5-05.a.3, sexual conduct is prohibited on Coast Guard Academy installations even if it is between consenting cadets. Cadets found guilty of consensual sexual misconduct can be disenrolled. Id. at 4-5-05.a.4.

. Sodomy, extortion, and indecent assault.

. Commentators have noted that the "constitutionally required” exception may be unnecessary since once it is established that the evidence is constitutionally required, there can be no further limitation on its admission. See 1 Stephen A. Saltzburg et ah, Military Rules of Evidence Manual § 412.02[4], at 4-194 (6th ed.2006) ("Any limitation on a constitutional right would be disregarded whether or not such a Rule existed.”); Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:81, at 306 (3d ed.2007) ("The exception is arguably unnecessary because Fed.R.Evid. 412 is subordinate to the Constitution anyway, but perhaps including it diminishes the sense of conflict between the two legal standards.”).

. Trial counsel illustrated the range of incidents that the members could have speculated on when, at one point during his argument on the motion, he stated that while the existence of the secret was extremely relevant, the content of the secret was not. Trial counsel argued, "[t]he extortion charge is that there was a secret. It doesn't matter if that secret was whether she liked Smarties. It doesn't matter if she had committed some other felony....”