# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JAMES E. FORD**
**United States Army, Appellant**

ARMY 20110417

Headquarters, U.S. Army Maneuver Center of Excellence
Stephen E. Castlen, Military Judge
Colonel Mary M. Foreman, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief); Captain Ian M. Guy, JA; William E. Cassara, Esquire (on supplemental brief and supplemental reply brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Sasha Rutizer, JA (on brief); Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on supplemental brief).

31 October 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

KRAUSS, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of three specifications of rape, one specification of forcible sodomy, two specifications of assault consummated by a battery, and one specification of adultery in violation of Articles 120, 125, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 928 and 934 (2006) [hereinafter UCMJ].  Appellant was acquitted of additional specifications of aggravated sexual contact, forcible sodomy, and housebreaking.  The court-martial sentenced appellant to a dishonorable discharge, confinement for thirty-five years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved thirty-four years and nine months of confinement, but otherwise approved the remainder of the sentence as adjudged.  The convening authority also credited appellant with nine days of confinement against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant asserts that the evidence is insufficient to establish his guilt and that he was denied the right to confront the witnesses against him by limitation imposed on cross-examination by the military judge. Appellant also argues that the convening authority action is incomplete because it failed to address disapproval of the adultery charge.

Appellant stands convicted of sexually assaulting three women: a former girlfriend, AE; his wife, JF; and a woman with whom he had previously communicated on the internet, but had just met in person the day of his attack upon her, MD. The extent to which each of the women may have consented to the sexual acts alleged and the extent to which appellant may have been mistaken about that consent were fully litigated. None of the women were related to or acquainted with the other prior to trial, and there is no evidence that the women met or spoke to each other about their experiences with appellant at all prior to or during the court-martial.

Having thoroughly considered the record, recognizing that the panel members saw and heard the witnesses, we find the evidence of appellant's guilt sufficient and harbor no reasonable doubt about it. Art. 66(c), UCMJ; *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). Appellant effectively raised questions concerning the credibility of each of the alleged victims; however, those questions do not amount to any reasonable doubt in this case. We find much of appellant's own testimony inculpatory and lacking credibility in certain important respects, including description of his escape from the scene of his final assault (captured in the audio recording of a neighbor's 911 call). Indeed, the fact of his effort to escape, in conjunction with the remainder of the evidence that includes proper consideration of the evidence of each of the sexual assaults as relevant to establish the propensity of appellant to commit the other sexual assaults, leaves no reasonable doubt of his guilt in relation to each of those offenses for which he was found guilty under Articles 120 and 125.[1] *Washington*, 57 M.J. at 399; *United States v. Pleasant*, 71 M.J. 709 (Army Ct. Crim. App. 2012); *United States v. James*, 63 M.J. 217, 221-22 (C.A.A.F. 2006) (citing *United States v. Sioux*, 362 F.3d 1241 (9th Cir. 2004)); Military Rule of Evidence [hereinafter Mil. R. Evid.] 413.

In relation to appellant's complaints over confrontation limits, we find no abuse of discretion by the judge except, perhaps, in one instance. *See generally Delaware v. Van Arsdall*, 475 U.S. 673, 679-80 (1986); *United States v. Collier*, 67 M.J. 347, 352-53 (C.A.A.F. 2009). The judge denied the defense the opportunity to establish the context of an allegedly false statement made by MD some months after the assault. This statement was made as the victim attempted to obtain support from

---

[1] We also find the evidence factually sufficient to establish appellant's guilt as alleged under Article 128, UCMJ. *Washington,* 57 M.J. at 399.

the commander of another soldier she asserted was the father of her child.  When the commander asked whether MD had had sexual intercourse with anyone else in the previous six months, she said no.  The judge permitted appellant to elicit her denial, but refused defense the opportunity to set it in context, apparently on the grounds that to allow the evidence would violate Mil. R. Evid. 412.

We agree with appellant that evidence of the context of the denial would not violate Mil. R. Evid. 412 but was, rather, relevant to inform judgement on the credibility of the witness—whether she was inclined to lie in order to obtain some benefit.  However, we disagree with appellant on the matter of prejudice and find, if error, that error was harmless beyond any reasonable doubt.  *Collier*, 67 M.J. at 355.  MD's explanation for the denial was credible, and the evidence of appellant's guilt is sufficient to overcome any doubt that might otherwise be raised in relation to MD's credibility.  We find "no reasonable possibility that the error contributed to the contested findings of guilty" nor do we find that the judge's ruling "'essentially deprived appellant of his best defense' that 'may have tipped the credibility balance in Appellant's favor.'" *Id*. at 355-56 (quoting *United States v. Moss*, 63 M.J. 233, 239 (C.A.A.F. 2006)).  MD escaped appellant's assault by the skin of her teeth, ran naked into the street, obviously distraught, seeking help and screaming rape, and appellant attempted to escape the scene by screeching out of the neighborhood in his car despite neighbors' efforts to stop him.[2]

Appellant's efforts to attack MD's credibility otherwise by delving into her mental condition and child custody issues were at best tenuous and speculative, lacking sufficient evidentiary support to permit reasonable inquiry and the judge's denial of any such inquiry was no abuse of discretion.  *Id.* at 352-53; Mil. R. Evid. 401-403.

Finally, the convening authority approved all of the findings of guilty in the action.  However, it is apparent, from the entire record and the convening authority's explicit acceptance of the staff judge advocate's recommendation on the matter, that the convening authority intended to disapprove the finding of guilty of adultery alleged in the Additional Charge and its specification.  Because the action is not ambiguous or incomplete in the sense necessary to prompt return for correction, instead, we will simply disapprove that finding ourselves.  *See generally United States v. Humphries,* 71 M.J. 209 (C.A.A.F. 2012); *United States v. Politte*, 63 M.J. 24 (C.A.A.F. 2006).

---

[2] Nor do we find any merit to the suggestion that the fact of MD's pregnancy prejudiced appellant because the panel may have concluded it was he who impregnated her.  No such evidence was elicited from the witness, otherwise introduced, or characterized as such in argument.  We will not speculate as to the possibility of any panel member's speculation on the matter.

FORD – ARMY 20110417

After consideration of the entire record, the parties' briefs, and those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we set aside the finding of guilty as to the Additional Charge and its specification and dismiss the same. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), the court affirms the sentence. All rights, privileges, and property of which appellant has been deprived by virtue of the finding of guilty set aside by the decision are ordered restored.

Senior Judge YOB and Judge LIND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court